UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ SEP 03 2009 ★

BROOKLYN OFFICE

-----------------------------------------------------------x

ANNELIESE LOEWY,

            Plaintiff(s)

-against-

DELTA AIRLINES, INC.,

            Defendant(s).

-----------------------------------------------------------x

Civil Action No.

09 3835

NOTICE OF REMOVAL
PURSUANT TO
28 U.S.C. §§ 1441 and 1332

TOWNES, J.

CARTER, M.J.

    Defendant DELTA AIR LINES, INC., sued herein as DELTA AIRLINES, INC., ("Delta"), by its attorneys, McKeegan & Shearer, P.C., hereby removes this action to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §§ 1441 and 1332.

    1.    Plaintiff allegedly served the Summons and Verified Complaint in this action against Delta on or about August 13, 2009. A copy of the Summons and Verified Complaint are annexed hereto as Exhibit "A." Upon information and belief, the Verified Complaint was the first pleading served in the action. No further proceedings have been had in the action.

    2.    Upon information and belief, plaintiff was and still is, for diversity and removal jurisdiction purposes, a citizen and resident of the State of New York.

    3.    At the time of the alleged service of the Summons and Verified Complaint, Delta was and is a corporation duly organized and existing under and by virtue of the laws of the State of Delaware with its principal place of business in the State of Georgia.

    4.    The above-described action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C., Section 1332, and which may be removed to this Court by defendant Delta herein pursuant to the provisions of 28 U.S.C., Section 1441 because it is a civil action wherein the matter in controversy allegedly exceeds the sum or value of $75,000.00, exclusive of interests and costs, and is between citizens of different states.

5. This is a civil action brought in a state court of which the district court of the United States has original jurisdiction.

6. Delta will pay all costs and disbursements accrued by reason of this removal proceeding should it be determined that this case is not removable or is improperly removed.

WHEREFORE, defendant DELTA AIR LINES, INC. respectfully submits that this notice complies with the statutory removal requirements and that this action should proceed in this Court as a properly removed action and that defendant have such other and further relief as this Court may deem just and proper.

Dated: New York, New York
August 31, 2009

McKEEGAN & SHEARER, P.C.

By_____
George P. McKeegan (GPM 8602)
(A Shareholder of the Firm)
Attorneys for Defendant
DELTA AIR LINES, INC.
192 Lexington Avenue, Suite 701
New York, New York 10016
(212) 661-4200

TO: STEVEN R. HARRIS, ESQ.
HARRIS/LAW
Attorneys for Plaintiff
110 East 59th Street, Suite 3200
New York, New York 10022
(212) 593-7600

EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------X
ANNELIESE LOEWY,

                                Plaintiff(s),

-against-

DELTA AIRLINES, INC.

                                Defendant(s).
-----------------------------------------------------------X

Index No.: 20163/09
Date Purchased: 7/29/09

# SUMMONS

Plaintiff designates QUEENS County as the place of trial.

The basis of venue is:
Location of Occurrence

Plaintiff resides at:
15 Essex Street
Rock Hill, NY 11370
County of Sullivan

**To the above named Defendant(s): You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:      New York, New York
             July 28, 2009

_____
Steven R. Harris, Esq.
HARRIS/LAW
Attorneys for Plaintiff(s)
ANNELIESE LOEWY
110 East 59th Street, Suite 3200
New York, New York 10022
(212) 593-7600

TO:    **DELTA AIRLINES INC.**
       80 State Street
       Albany, New York 12207-2543

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------X
ANNELIESE LOEWY,

                Plaintiff,

    -against-                          **VERIFIED COMPLAINT**

DELTA AIRLINES INC.,

                Defendant.
-----------------------------------------------------------X

Plaintiff, ANNELIESE LOEWY, by her attorneys, HARRIS/LAW, as and for a Verified Complaint against the defendant herein, DELTA AIRLINES INC., alleges as follows:

**FIRST**: That at all relevant times mentioned herein the plaintiff, ANNELIESE LOEWY resided at 15 Essex Street, County of Sullivan, State of New York.

**SECOND**: That at all relevant times mentioned herein and upon information and belief the defendant, DELTA AIRLINES INC., was and still is a domestic business corporation, duly organized and existing under and by virtue of the laws of the State of New York, and maintains its principal place of business at 80 State Street, Albany, New York 12207-2543.

**THIRD**: That at all relevant times mentioned herein and upon information and belief, the defendant, DELTA AIRLINES INC., was and still is a foreign business corporation, duly organized and existing under and by virtue of the laws of the State of New York, and

HARRIS/LAW
110 EAST 59TH STREET
SUITE 3200
NEW YORK, NEW YORK 10022
(212) 593-7600

maintains its principal place of business at 80 State Street, Albany, New York 12207-2543.

**FOURTH**: That at all relevant times mentioned herein and upon information and belief, the defendant, **DELTA AIRLINES INC.**, owned a certain premises known as the Delta Terminal at LaGuardia International Airport, including the jetway at Ditmars Blvd and 94th Street, Flushing, NY 11369, (herein after referred to as "The Location").

**FIFTH**: That at all relevant times mentioned herein and upon information and belief, the defendant, **DELTA AIRLINES INC.**, operated "The Location".

**SIXTH**: That at all relevant times mentioned herein and upon information and belief, the defendant, **DELTA AIRLINES INC.**, maintained "The Location".

**SEVENTH**: That at all relevant times mentioned herein and upon information and belief, the defendant, **DELTA AIRLINES INC.**, managed "The Location".

**EIGHTH**: That at all relevant times mentioned herein and upon information and belief, the defendant, **DELTA AIRLINES INC.**, leased "The Location".

**NINTH**: That at all relevant times mentioned herein and upon information and belief, the defendant, **DELTA AIRLINES INC.** controlled "The Location".

**TENTH**: That at all relevant times mentioned herein and upon information and belief the defendant, **DELTA AIRLINES INC.**, assumed the duty of repair to "The Location".

HARRIS/LAW
110 EAST 59TH STREET
SUITE 3200
NEW YORK, NEW YORK 10022
(212) 593-7600

**ELEVENTH:** That at all relevant times mentioned herein and upon information and belief the defendant, **DELTA AIRLINES INC.**, assumed the duty of cleaning "The Location".

**TWELFTH:** That at all relevant times mentioned herein it was the duty of the defendant, **DELTA AIRLINES INC.**, its agents, servants and/or employees at all times to own, operate, manage, lease, supervise, monitor, control, construct, maintain, clean, inspect and/or repair "The Location", in a safe and secure condition, free from garbage, debris, wet substances, slippery substances, decay, disrepair, design defects, mis-leveled jetways, structural defects, maintenance and/or repair defects and/or other hazardous and dangerous conditions; and is mis-leveled and/or un-level jetways; to keep "The Location" in a proper and reasonable state of operation, management, supervision, monitoring, control, maintenance, cleanliness and/or repair; to properly and adequately inspect, manage, monitor, supervise and/or control the cleaning, maintenance and/or repair of "The Location"; to perform the operation, management, supervision, control, inspection, cleaning, maintenance and/or repair of "The Location" in a careful and prudent manner; and/or to hire and retain skilled and competent personnel to perform said operation, management, supervision, control, inspection, cleaning, maintenance and/or repairs of "The Location".

**THIRTEENTH:** That the defendant, **DELTA AIRLINES INC.**, its agents, servants and/or employees, undertook and agreed to own, operate, manage, lease, supervise, monitor, control, construct, maintain, clean, inspect and/or repair "The Location", in good condition, reasonably safe and secure, free from garbage, debris, wet substances, slippery

HARRIS/LAW
110 EAST 59TH STREET
SUITE 3200
NEW YORK, NEW YORK 10022
(212) 593-7600

substances, decay, disrepair, design defects, un-leveled jetways, structural defects, maintenance and/or repair defects and/or other hazardous and dangerous conditions.

**FOURTEENTH:** That the defendant, **DELTA AIRLINES INC.**, its agents, servants or employees, disregarded their duty to properly own, operate, manage, lease, supervise, monitor, control, construct, maintain, clean, inspect and/or repair "The Location", and carelessly, recklessly and negligently permitted "The Location" to remain in an unsafe, defective, un-leveled, hazardous and/or dangerous condition; carelessly, recklessly and negligently failed to operate, manage, monitor, supervise, inspect, maintain and/or repair the aforementioned premises; failed to keep the aforementioned premises free from defects; and, carelessly, recklessly and negligently permitted the aforementioned premises to fall into disrepair and to remain in a hazardous and dangerous condition for a long period of time.

**FIFTEENTH:** That the carelessness, recklessness and negligence of the defendant, **DELTA AIRLINES INC.**, its agents, servants and/or employees consisted of, among other things, carelessly, recklessly and negligently operating, managing, leasing; maintaining, inspecting, repairing, supervising, controlling and/or cleaning the aforementioned premises; in causing, allowing and permitting dangerous, un-leveled and defective conditions to exist on the aforesaid "location"; in failing to repair, maintain and/or clean the aforesaid dangerous and defective conditions; in failing to give the general public and more particularly the plaintiff herein, any warning or notice of the dangerous, un-leveled and defective conditions existing on the aforesaid "location"; in failing to erect barricades and/or warning signs to warn the general public and more particularly the plaintiff herein, of the dangerous and defective conditions then and there

HARRIS /LAW
110 EAST 59TH STREET
SUITE 3200
NEW YORK, NEW YORK 10022
(212) 593-7600

existing on the aforesaid "location"; in failing to make proper and adequate inspections of the "location"; and in otherwise being careless, reckless and negligent in the ownership, operation, maintenance, repair, supervision, control and/or control of the aforesaid "location.."

**SIXTEENTH:** That on or about the 20th day of January, 2009, and for a long period of time prior thereto, the defendant, **DELTA AIRLINES INC.**, its agents, servants and/or employees, permitted "The Location", to have design defects, mis-leveled jetways, structural defects, construction defects, maintenance, cleaning, and/or repair defects and/or fall into disrepair and/or decay, thus creating a hazardous and dangerous condition for the visitors lawfully utilizing "The Location.."

**SEVENTEENTH:** That on or about the 20th day of January, 2009, the defendant, **DELTA AIRLINES INC.**, its agents, servants and/or employees, negligently repaired, maintained, constructed and/or cleaned "The Location", thus causing and creating an unsafe, defective, un-leveled, hazardous and/or dangerous condition.

**EIGHTEENTH:** That the aforementioned unsafe, defective, uneven, hazardous and/or dangerous condition constituted a nuisance, and that same had existed for a long time prior to the time of the accident, and that the defendant, **DELTA AIRLINES INC.**, its agents, servants and/or employees, in the exercise of reasonable care and prudence knew or should have known of said uneven condition.

**NINETEENTH:** That on or about the 20th day of January, 2009, while the

HARRIS/LAW
110 EAST 39TH STREET
SUITE 3200
NEW YORK, NEW YORK 10022
(212) 593-7600

plaintiff, ANNELIESE LOEWY, was departing a Delta Airlines jetway at "The Location", she was caused to be injured due to the unsafe, defective, mis-leveled, hazardous and/or dangerous conditions within "The Location" and/or in jetway, thus sustaining the serious and severe permanent personal injuries hereinafter alleged.

**TWENTIETH:** That at all relevant times mentioned herein and upon information and belief, the aforesaid occurrence and the injuries resulting therefrom, were caused wholly and solely by reason of the carelessness, recklessness and negligence of the defendant, **DELTA AIRLINES INC.**, its agents, servants and/or employees, and without any negligence or culpable conduct on the part of the plaintiff contributing thereto.

**TWENTY-FIRST:** That solely by reason of the foregoing, the plaintiff, ANNELIESE LOEWY, became and was rendered sick, sore, lame and disabled along with severe emotional and psychological injuries; received severe, serious and permanent injuries to his head, body and limbs; experienced great pain and suffering and continues to suffer from said injuries; and the plaintiff has been informed and believes said injuries to be of a permanent nature; and said plaintiff was, is and will be incapacitated for a long period of time and the plaintiff was compelled to and did seek medical aid, attention and treatment and will in the future require further medical aid, attention and treatment; and the plaintiff was obliged to and did expend large sums of money for medical attention and will in the future be required to expend additional sums of money for the treatment of said injuries; the plaintiff was and will continue to be incapacitated from his usual duties, functions and general activities and chores; and otherwise did sustain a loss of diverse sums of money.

HARRIS/LAW
110 EAST 59TH STREET
SUITE 3200
EW YORK, NEW YORK 10022
(212) 593-7600

**TWENTY-SECOND:** That the plaintiff's damages sustained herein exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, the plaintiff, **ANNELIESE LOEWY**, demands judgment against the defendants, **DELTA AIRLINES INC.**, together with the court costs, disbursements and attorney fees, (along with interest thereon from the 20th day of January, 2009), of this action for an amount to be determined by the Court and/or a jury.

Dated: New York, New York
July 28, 2009

Yours, etc.

_____
Steven R. Harris, Esq.
**HARRIS/LAW**
Attorneys for Plaintiff
**ANNELIESE LOEWY**
110 East 59th Street
New York, New York 10022
(212) 593-7600

TO: **DELTA AIRLINES INC.**
80 State Street
Albany, New York 12207-2543

S:\SagaPM\DOCS\DC\C\89615076.wpd

STATE OF NEW YORK )
COUNTY OF NEW YORK ) ss.:

I, the undersigned, an attorney admitted to practice in the court of New York State, state that I am STEVEN R. HARRIS, ESQ., the attorney of record for the plaintiff, ANNELIESE LOEWY, in the within action; I have read the foregoing SUMMONS AND VERIFIED COMPLAINT and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by said plaintiff is because the plaintiff resides in a county other than where your affiant maintains her office.

The grounds of my belief are as follows: Conversations with the plaintiff, investigations made by me and documentation contained in my files.

Dated: New York, New York
July 28, 2009

_____
STEVEN R. HARRIS, ESQ.

HARRIS/LAW
110 EAST 59TH STREET
SUITE 3200
NEW YORK, NEW YORK 10022
(212) 593-7600