UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

ANNELIESE LOEWY,                      Docket No. 09-CIV-3836
                                                      (Townes, J., Carter, M.J.)
                              Plaintiff(s),

-against-                              ANSWER OF
                                                      <u>DELTA AIR LINES, INC</u>
DELTA AIRLINES, INC.,

                              Defendant(s).
-----------------------------------------------------------x

       Defendant DELTA AIR LINES, INC., sued herein as DELTA AIRLINES, INC., (hereinafter "Delta"), by its attorneys, McKeegan & Shearer, P.C., as and for its Answer to the Complaint of plaintiff states:

       1.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "FIRST" of the Verified Complaint.

       2.     Denies the allegations contained in paragraphs "SECOND" and "THIRD" of the Verified Complaint except states that it was and is a corporation organized and existing under and by virtue of the laws of the State of Delaware, with its principal place of business in the State of Georgia.

       3.     Denies the allegations contained in paragraphs "FOURTH", "FIFTH", "SIXTH", "SEVENTH", "EIGHTH" and "NINTH" of the Verified Complaint except states that it operated the Delta Terminal at LaGuardia Airport pursuant to the terms of a lease.

       4.     Denies the allegations contained in paragraphs "TENTH", "ELEVENTH" and "TWELFTH" of the Verified Complaint except states that it operated the Delta Terminal at LaGuardia Airport pursuant to the terms of a lease and refers issues of law to this Court for determination.

5.	Denies the allegations contained in paragraph "THIRTEENTH" of the Verified Complaint except states that it operated the Delta Terminal at LaGuardia Airport pursuant to the terms of a lease.

6.	Denies the allegations contained in paragraphs "FOURTEENTH", "FIFTEENTH", "SIXTEENTH" "SEVENTEENTH", "EIGHTEENTH", "NINETEENTH", "TWENTIETH", "TWENTY-FIRST" and "TWENTY-SECOND" of the Verified Complaint.

### AS AND FOR A FIRST SEPARATE AFFIRMATIVE DEFENSE TO THE VERIFIED COMPLAINT OF PLAINTIFF, DELTA STATES:

7.	The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND SEPARATE AFFIRMATIVE DEFENSE TO THE VERIFIED COMPLAINT OF PLAINTIFF, DELTA STATES:

8.	The plaintiff's injuries, if demonstrated, were caused in whole or in part by the culpable conduct of plaintiff, including her contributory negligence and assumption of risk of injury. Plaintiff's culpable conduct and assumption of demonstrated risk are a bar to plaintiff's recovery or, in the alternative, shall diminish those damages sought in the proportion to which plaintiff's culpable conduct bears to the culpable conduct, which caused those damages.

### AS AND FOR AN THIRD SEPARATE AFFIRMATIVE DEFENSE TO THE VERIFIED COMPLAINT OF PLAINTIFF, DELTA STATES:

9.	If the plaintiff sustained any damages or injuries as alleged in the Verified Complaint, then such injuries or damages were suffered not by reason of any fault on the part of Delta, but rather by reason of the fault of others over whom Delta had no control.

## AS AND FOR A FOURTH SEPARATE AFFIRMATIVE DEFENSE
## TO THE VERIFIED COMPLAINT OF PLAINTIFF, DELTA STATES:

10. This action does not fall within any exception enumerated in New York Civil Practice Law and Rules Article 16, and, if liability of Delta is found to be fifty percent or less of the total liability assigned to all persons liable, the liability of Delta shall not exceed its equitable share determined in accordance with the relative culpability of each person contributing to the total liability for non-economic loss.

## AS AND FOR A FIFTH SEPARATE AFFIRMATIVE DEFENSE
## TO THE VERIFIED COMPLAINT OF PLAINTIFF, DELTA STATES:

11. Delta is entitled to set-off any damages as already paid by collateral source or can reasonably be expected to be paid in the future by a collateral source.

## AS AND FOR A SIXTH SEPARATE AFFIRMATIVE DEFENSE
## TO THE VERIFIED COMPLAINT OF PLAINTIFF, DELTA STATES:

12. Delta is entitled to and reserves its right to the benefits afforded by CPLR 4545(c).

## AS AND FOR A SEVENTH SEPARATE AFFIRMATIVE DEFENSE
## TO THE VERIFIED COMPLAINT OF PLAINTIFF, DELTA STATES:

13. Any injuries sustained by the plaintiff were caused solely by open and obvious risks that were knowingly assumed by plaintiff.

### AS AND FOR A FIRST DEFENSE TO THE
### VERIFIED COMPLAINT OF PLAINTIFF, DELTA STATES:

14. Plaintiff's recovery against Delta, if any, should be set off and reduced by an amount of money or compensation the plaintiff received by settlement or judgment rendered in any prior legal proceeding or otherwise.

### AS AND FOR A SECOND DEFENSE TO THE
### VERIFIED COMPLAINT OF PLAINTIFF, DELTA STATES:

15. Plaintiff failed to mitigate her damages.

### AS AND FOR A THIRD DEFENSE TO THE
### VERIFIED COMPLAINT OF PLAINTIFF, DELTA STATES:

16. The answering defendant is entitled to the protections and benefits provided by General Obligations Law § 15-108 for settlements by any tortfeasor before or after adjudication of liability.

### AS AND FOR A FOURTH DEFENSE TO THE
### VERIFIED COMPLAINT OF PLAINTIFF, DELTA STATES:

17. The Court should not proceed in the absence of a person who should be a party.

### AS AND FOR A FIFTH DEFENSE TO THE
### VERIFIED COMPLAINT OF PLAINTIFF, DELTA STATES:

18. Delta did not create and had no notice of any hazardous or dangerous condition at the premises at which plaintiff sustained her alleged injuries.

WHEREFORE, defendant DELTA AIR LINES, INC. demands judgment as follows:

(a) dismissing plaintiffs' Complaint together with the costs and disbursements of this action;

(b) costs, disbursements and attorneys' fees, and

(c) such other and further relief as this Court may deem just and proper.

Dated: New York, New York
September 3, 2009

McKEEGAN & SHEARER, P.C.

By _____
George P. McKeegan (GPM 8602)
(A Shareholder of the Firm)
Attorneys for Defendant
DELTA AIR LINES, INC.
192 Lexington Avenue, Suite 701
New York, New York 10016
(212) 661-4200

TO: STEVEN R. HARRIS, ESQ.
HARRIS/LAW
Attorneys for Plaintiff
110 East 59th Street, Suite 3200
New York, New York 10022
(212) 593-7600

## AFFIDAVIT OF MAILING

STATE OF NEW YORK  )
                   ) ss.:
COUNTY OF NEW YORK )

MARIE BARRA, being duly sworn, deposes and says:

That I am not a party to this action, am over the age of 18 years and reside in Staten Island, New York.

That on the 10th day of September 2009, I served a true copy of Delta Airlines, Inc.'s Answer in the following manner:

By mailing the same in a sealed envelope, with postage prepaid thereon, in an official depository of the U.S. Postal Service within the State of New York, addressed to the last known of the addressee(s) as follows:

STEVEN R. HARRIS, ESQ.
HARRIS/LAW
110 East 59th Street, Suite 3200
New York, New York 10022

Sworn to before me this
10th day of September 2009

_____
Marie Barra

Notary Public

WILLIAM T. SHEPARD
Notary Public, State of New York
No: 01SH5029961
Qualified in Suffolk County
Commission Expires July 5, 2010